UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ANTHONY LA-WAYNE MOON,

    Petitioner,

v.                                                 3:08-cv-479

STEVEN DEWALT, Warden,

    Respondent.

**MEMORANDUM**

    This *pro se* petition for the writ of habeas corpus filed by a federal prisoner was dismissed without prejudice and petitioner has filed a motion to vacate the order of dismissal. For the following reasons, the motion to vacate the order of dismissal [Court File No. 25] will be **GRANTED**. Nevertheless, the habeas corpus petition will again be **DISMISSED WITHOUT PREJUDICE**.

    Because petitioner is challenging a federal conviction, he was originally ordered to advise the court whether he wished to proceed with his case as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 or whether his habeas corpus petition should be dismissed without prejudice. When petitioner failed to file a timely response, his habeas corpus petition was dismissed without prejudice. On the same day that the order of dismissal was entered, the court received petitioner's response; the envelope indicated that,

pursuant to the "prison mailbox rule," the response was timely filed despite the fact that it took nine days to reach the court. *See Houston v. Lack*, 487 U.S. 266 (1988) (a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing). Petitioner then filed his motion to vacate the order of dismissal and grant his habeas petition.

Petitioner having timely responded to the court's original order, the order of dismissal based upon petitioner's failure to respond will be **VACATED**. In response to the original order, petitioner states that a § 2255 motion is not a valid law and that he wishes to proceed with his habeas corpus petition to challenge this court's authority to convict him.

As noted in the court's original order, a challenge to the validity of a federal criminal conviction should be brought pursuant to a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Accordingly, petitioner's petition for the writ of habeas corpus will be **DISMISSED WITHOUT PREJUDICE**.[1]

**AN APPROPRIATE ORDER WILL ENTER.**

    s/ Leon Jordan
    United States District Judge

---

[1] In any event, the court notes that petitioner's conviction became final on June 8, 2005. *United States v. Anthony Moon*, No. 04-6263 (6th Cir. June 8, 2005) (mandate issued). Thus, his habeas petition, which was filed June 18, 2008, would be barred by the one-year statute of limitation, whether filed as a petition for writ of habeas corpus or a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.